**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAZAMA NAEM ZAI
13221 Overcup Oak Court #403
Herndon, VA 20171

Plaintiff

v.                                            Civil Action No.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
245 Murray Lane, SW
Washington DC 20528

And

KIRSTJEN NIELSEN
Secretary of US Department of Homeland Security
245 Murray Lane SW
Washington DC 20528

Defendants

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Plaintiff, Dr. Naem, has been waiting over three years for defendants to adjudicate her applications for asylum and for withholding of removal. Defendants therefore have "unreasonably delayed" acting on her applications, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1).

2. Dr. Naem seeks asylum and withholding of removal under the Refugee Act of

1980, 8 U.S.C. sections 1158 and 1231. She has assisted women in Afghanistan, and suffered death threats as a result. She has trained as a thoracic surgeon. She is eager to become a licensed physician in the United States.

## JURISDICTION

3. Under 5 U.S.C. §§ 551-706, this Court has jurisdiction. 5 U.S.C. § 551(13) defines "agency action" as including the "failure to act." §555(b) states that "within a reasonable time each agency shall proceed to conclude a matter presented to it." § 702 provides that a person "suffering legal wrong because of agency action…is entitled to judicial review thereof." § 704 provides that "agency action for which there is no other adequate remedy in court [is] subject to judicial review." § 706(1) provides that the Court is authorized to compel agency action which has been "unlawfully withheld or unreasonably delayed."

4. "While 'reasonable time' is not a clear standard, I cannot simply ignore it." *Tang v. Ashcroft,* 493 F. Supp. 2d 148, 150 (D. Mass. 2007). A court in Illinois refused to hold that a three-year delay was reasonable, and denied a government motion to dismiss. *Haus v. Nielson, 2018* WL 1035879, *4 (N.D. Ill. 2018). *Accord: Soneji v. DHS,* 525 F. Supp. 2d 1151, 1156 (N.D. Cal. 2007).

5. Plaintiff has a statutory right to apply for asylum and to be considered for that relief under 8 U.S.C. § 1158(a). Defendants must adjudicate her application within a reasonable time.

6. Defendants have the statutory duty to adjudicate asylum requests within 180 days of filing, under 8 U.S.C. § 1158 (d)(5)(A)(iii), in the absence of exceptional circumstances.

7. Dr. Naem has the statutory right to apply for withholding of removal and to be considered for that relief under 8 U.S.C. § 1231(b)(3). Defendants must adjudicate her application within a reasonable time. Defendants are shirking their duty.

8. "The duty to act is no duty at all if the deadline is eternity." *Tang v. Ashcroft,* 493 F. Supp. 2d 148, 150 (D. Mass. 2007). A court in Florida ruled that "administrative agencies do not possess discretion to avoid discharging the duties that Congress intended them to perform." *Elkhatib v. Butler,* 2005 WL 5226742, at *1 (S.D. Fla. 2005).

9. In *American Hospital Association v. Burwell,* 812 F.3d 183, 191 (D.C. Cir. 2016), the agency "insist[ed] that…. the department lacks the resources to" comply with the demands of a statute. The Court nonetheless ruled that "[h]owever many priorities the agency may have, and however modest its personnel and budgetary resources may be, there is a limit to how long it may use these justifications to excuse inaction in the face of" a statutory deadline. *Id.* at 193 (citing *In re United Mine Workers of America International Union,* 190 F.3d 545, 554 (D.C.Cir. 1999). The Court instructed that the agency must act: perhaps it "will have to curtail the RAC program or find some other way to meet them. Federal agencies must obey the law…" 812 F.3d at 193.

10. The D.C. Circuit has ruled that regardless of limited resources of an agency, there is a limit to delay.

11. Defendants have failed to adjudicate the applications of Dr. Naem. In *Liu v. Chertoff,* 2007 WL 2435157, at *7 (D. Ore. 2007), the Court ruled that it is wrong to "render toothless all timing restraints…which would amount to a grant of permission for inaction." Dr. Naem is physically present in the United States; to delay her case "seems antithetical to national security

interests." It is wrong to conclude there would be no time limit to the length of time the USCIS may take processing applications." *Id.* at *8.

12.. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

13. In *Han Cao v. Upchurch,* 496 F. Supp. 2d, 569, 574 (E.D. Pa. 2007), the Court ruled that the agency does not have the discretion to let "a petition languish indefinitely."

## VENUE

14. Venue is appropriate under 28 U.S.C. § 1391, because defendants are located in the District of Columbia.

## PARTIES

15. Plaintiff Mazama Naem Zai (Dr. Naem) is an asylum applicant and is also an applicant for withholding of removal.

16.. Defendant United States Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 701-706, and has the duty to adjudicate the applications of Dr. Naem.

17. Defendant Kirstjen Nielsen is the Secretary of the Department of Homeland Security and is sued in her official capacity. She has the duty to adjudicate the applications of Dr. Naem.

## FIRST CAUSE OF ACTION: ASYLUM APPLICATION

18. Plaintiff Dr. Naem repeats, alleges, and incorporates the allegations contained in all paragraphs set forth above.

19. Dr. Naem was born in Afghanistan in 1981. She graduated from medical college in 1999, and did a residency in Thoracic Surgery, from 2012 to 2015.

20. Her skills as a thoracic surgeon are now being wasted. She has done surgeries, involving anesthesia, intubation, sutures, putting " 60mg dexamethasone in pericardial cavity, pleural cavity lean by 0.9% Slain and right side 7th inter costal chest tube put and tight suture, then chest closed by viral 2 inlayer by layer, then skin closed by 2/0 nylon and anti-septic dressing done, then taking  four point blood and one point plasma and three liter crystalloid IV fluid, after recovery of anesthesia  patient refer to PACU (Post Anesthesia Care unit)…" *See* Exhibit 1, attached hereto.

21. She worked as a Gender Advisor at the United Nations High Peace Council in Kabul, Afghanistan from 2012-2014.  She was interviewed about her work by Voice of America.

22. She encouraged women to become involved in the Afghan peace process. She gave public speeches, and appeared on television.  Extremists in that country believed that therefore, she was an infidel, a spy, and was "anti-Muslim." *See* Exhibit 2, attached hereto.

23.   She then received written death threats, and threats by phone. She is married with five children. Extremists told her she would not see her children anymore.

24. One daughter has already been raped; her sister is terrified. *See* Exhibit 3, attached hereto.

25. One son was hospitalized in April 2018, after a suicide bomb exploded nearby. *See* Exhibit 4 attached hereto.  Another son disappeared, after leaving the house to go shopping.

26. After receiving an invitation from the United States Institute of Peace, she arrived here in the United States on April 6, 2015.

27. She applied for asylum and withholding with defendants on June 30, 2015, and was given A# 208-385-312.  On December 9, 2015, she was interviewed by an asylum officer for

over seven hours. Months later, with no decision being made, she inquired at the asylum office and at the CIS Ombudsman's Office.

28. Dr. Naem made request Number 2016 06935 to the CIS Ombudsman's Office; that office acknowledged receipt of the request via an email dated August 15, 2016. Dr. Naem made another request to the Ombudsman on October 12, 2016. And another request on November 28, 2016.

29. She was interviewed a second time by an asylum officer on May 8, 2017. This interview was also over seven hours long. Defendants did not explain why a second interview was necessary. Plaintiff believes they lost the notes from the first interview.

30. Defendants have still not adjudicated her applications.

31. During the 13 months between June 1, 2017 and July 1, 2018, defendants did nothing to adjudicate this case. Her file sits unattended, and unlooked at, in an office of defendants. Defendants are simply sitting on her applications.

32. Her status is uncertain. Many employers will not consider her for a job, because of her unclear status. Employers often demand a green card, or some permanent status. As an asylum applicant, she is considered only as a short-term employee. She is unable to plan for the future. She is unable to properly support her children. She should be granted asylum, and withholding of removal.

AFGHANISTAN IS DANGEROUS

33. Her daughter Suella now lives in Kabul. She was grabbed by three men, and raped in 2015, when she was 15 years old. She fears being raped again.

34. Her daughter Dewa is now 15 years old. She was with Suella when the men grabbed Suella. Dewa fears the same thing will happen to her.

35. Her son Abdul, now 19 years old, was badly injured when a bomb went off in April 2018. He has discharged from the hospital, but today he is nervous. He jumps up when someone knocks on the door; he sleeps badly.

36. Her son Hanifulla, left the house to go shopping in June 2015. He never returned. He is most likely dead.

PLAINTIFF IS SUFFERING REAL HARM

37. A prolonged family separation is a concrete harm. Dr. Naem has been separated from her husband and children for years. This is painful. The pain continues, and increases each day. This is a real and immediate harm.

38. The delay is having a real impact on her health and welfare. She has constant headaches. When she talks about her family, it hurts her right shoulder. When she tries to study medical books, images of her children come to her mind, and she can no longer study. Her own health and welfare are at stake. She is suffering great emotional distress.

39. There are no "exceptional circumstances" justifying the delay by defendants.

40. Dr. Naem has no adequate remedy at law, and will suffer irreparable harm if her applications are not promptly adjudicated.

41. Defendants have unreasonably delayed adjudication of the applications. A delay of 2.75 years was deemed unreasonable, in *SAI v. DHS,* 149 F. Supp. 3d 88, 121 (D.D.C. 2015). A delay of 2.5 years was deemed unreasonable in *Families for Freedom v. Napolitano,* 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009).

42. Defendants do not enjoy "unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely." *Kim v. Ashcroft,* 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004).

## SECOND CAUSE OF ACTION: WITHHOLDING APPLICATION

43. Plaintiff Dr. Naem repeats, alleges, and incorporates the allegations contained in all paragraphs set forth above.

44. Dr. Naem has the statutory right to apply for withholding of removal and to be considered for that relief under 8 U.S.C. § 1231(b)(3). [The text of this section reads "restriction of removal." However, almost all adjudicators refer to it as "withholding of removal."]

45. An asylum application shall be deemed to constitute at the same time an application for withholding of removal. 8 C.F.R. § 208(3)(b).  Form I-589 is entitled "Application for Asylum and for Withholding of Removal." These two forms of relief have much in common. However, "[t]he withholding statute differs from the asylum statute in various ways…." *Barajas-Romero v. Lynch,* 846 F.3d 351, 360 (9th Cir. 2017).  The overall burden of proof for withholding of removal is higher than the burden of proof for asylum; however, concerning "nexus," the burden of proof for withholding of removal is lower.  *Id.*

46. Withholding of removal "is mandatory" if the applicant qualifies. *INS v. Aguirre-Aguirre,* 526 U.S. 415, 419-20, 119 S. Ct. 1439, 1443 (1999). Whereas "withholding is mandatory… the decision whether asylum should be granted to an eligible alien is committed to the Attorney General's discretion." *Id*.   A grant of withholding of removal "is not discretionary." *Matter of I-S & C-S-,* 24 I&N Dec. 432, 434 (BIA 2008).

47. Dr. Naem has no adequate remedy at law, and will suffer irreparable harm if her withholding application is not promptly adjudicated.

48. Defendants have unreasonably delayed adjudication of the application.

49. "[A]t some point, defendants' failure to take any action runs afoul of section 555(b). Were it otherwise, [defendants could hold] applications in abeyance for decades without

providing any reasoned basis for doing so. Such an outcome defies logic." *Kim v. Ashcroft,* 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

a) Order defendants to adjudicate her asylum application and her withholding application forthwith;
b) Declare that defendants' actions violate the APA;
c) Award plaintiff reasonable attorney fees and costs pursuant to 28 U.S. C. §2412(d) and 5 U.S.C. § 504; and
d) Grant all other such relief to plaintiff as the Court deems proper and equitable.

    Respectfully submitted,

    Attorney for Plaintiff


    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com